## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

vs.                                                    No. CV 16-00763 RB/WPL
                                                       No. CR 13-03668 RB


PATRICK GONZALEZ,

        Defendant/Movant.

### MEMORANDUM OPINION AND ORDER OF DISMISSAL OF
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed by Defendant/Movant, Patrick Gonzalez. (CV Doc. 1; CR Doc. 265). Also pending before the Court is the Opposed Motion for Stay of Proceedings Pending the United States Supreme Court's Decision in *United States v. Beckles* (CV Doc. 4; CR Doc. 268).  The Court will deny the Opposed Motion for Stay, as moot, and will dismiss the Motion to Vacate, Set Aside, or Correct Sentence.

      Gonzalez was indicted on multiple counts, including being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 (a)(2).  In Count 5, the United States sought a ten-year sentence for possession of firearms based on prior felony convictions for aggravated assault with a deadly weapon and unlawful taking of a motor vehicle.  (CR Doc. 71, Count 5). Gonzalez pled guilty to several counts in the Superseding Indictment, including Count 5. (CR Doc. 196). Gonzalez received a sentence under § 924(a)(2) and USSG § 2K2.1 as a felon in possession of a firearm based on his convictions for prior "crimes of violence" as defined in USSG § 4B1.2. (CR Doc. 71, 196).

In his § 2255 Motion, Movant Gonzalez seeks relief based on a claim that he improperly received an enhanced sentence as a career offender on the grounds that the residual clause is void for vagueness under the reasoning in *Johnson v. United States,* 576 U.S. ___, 135 S.Ct. 2551 (2015). (CV Doc. 1 at 5, 11; CR Doc. 265 at 5, 11.  In *Johnson*, the Supreme Court struck down the residual clause language of 18 U.S.C. § 924(e) of the Armed Career Criminal Act of 1984 (ACCA). Section 924(e)(2)(B) provides:

> "In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . ."

For purposes of Section 924(e), "violent felony" is defined to mean any crime punishable by imprisonment for a term exceeding one year that:

> "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves the use of explosives, ***or otherwise involves conduct that presents a serious potential risk of physical injury to another*** . . ."

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The italicized language has come to be known as the residual clause.  *Johnson,* 135 S.Ct. at 2556.  In *Johnson*, the Supreme Court held that the language of the residual clause is impermissibly vague and imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process. 135 S.Ct. at 2563.

Gonzalez was not sentenced under the ACCA, however.  Instead, Gonzalez seeks to extend the *Johnson* rationale to his sentence under 18 U.S.C. § 924(a)(2) and USSG § 2K2.1, which incorporates the residual clause definition of "crime of violence" in USSG § 4B1.2. In *Beckles v. United States,* 580 U.S. ___, No. 15-8544, slip op (March 6, 2017), the Supreme Court held that the United States Sentencing Guidelines are not subject to a void-for-vagueness

challenge.   580 U.S. ___, No. 15-8544, slip op at 5. Therefore, *Johnson* has no application to Gonzalez's sentence under § 2K2.1 and Gonzalez is not entitled to relief.[1] His § 2255 Motion will be dismissed under Rule 4.

Also pending before the Court is the United States' Opposed Motion for Stay of Proceedings Pending the United States Supreme Court's Decision in *United States v. Beckles* (CV Doc. 4; CR Doc. 268).   The Opposed Motion is now moot in light of the Supreme Court's decision in *Beckles* and the Court denies the Motion on that basis. The Court also determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Gonzalez has failed to make a substantial showing that he has been denied a constitutional right.   The Court will deny a certificate of appealability.

**IT IS ORDERED:**

(1) the Opposed Motion for Stay of Proceedings Pending the United States Supreme Court's Decision in *United States v. Beckles* (CV Doc. 4; CR Doc. 268) is **DENIED** as moot; and

(2) the Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody filed by Defendant/Movant, Patrick Gonzalez. (CV Doc. 1; CR Doc. 265) is **DISMISSED** under Rule 4 of the Rules Governing Section 2255 Proceedings and a certificate of appealability is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Additional potential grounds exist for denial of relief, including Gonzalez's waiver of collateral review in his Plea Agreement.  (Doc. 196).  However, because the ruling in *Beckles* is dispositive of his claims, the Court will not reach those additional grounds.